RECEIPT #
AMOUNT $250
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-19-05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FEDERAL INSURANCE COMPANY,
a/s/o Mount Pleasant Country Club,
15 Mountain View Road
Warren, New Jersey 07061,

    Plaintiff,

v.

SIMPLEXGRINNELL, L.P.
100 Simplex Drive,
Westminster, MA 01441,

    Defendant.

CIVIL ACTION NO.:

**05  11014 RCL**

MAGISTRATE JUDGE _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Federal Insurance Company, as subrogee of Mount Pleasant Country Club, by and through its attorneys, Patrick J. Loftus, III, and Cozen O'Connor, upon information and belief, hereby avers as follows:

### THE PARTIES

1.  Plaintiff, Federal Insurance Company, is a corporation duly organized and existing under the laws of the State of Indiana, with a principal place of business located at 15 Mountain View Road in Warren, New Jersey, and at all times material hereto was authorized to issue policies of insurance in the Commonwealth of Massachusetts.

2. At all times material hereto, Plaintiff's insured, Mount Pleasant Country Club ("Mount Pleasant"), owned the real property located at 369 Cross Street in Boylston, Massachusetts ("the subject property").

3. At all times material hereto, Plaintiff insured Mount Pleasant pursuant to policy number 3579-67-16, which provided, inter alia, insurance for damage to Mount Pleasant's real and personal property and for any business interruption.

4. Defendant, SimplexGrinnell, L.P., is a limited partnership organized under the laws of the State of Delaware with a principal address of 100 Simplex Drive, Westminster, Massachusetts, and at all times material hereto, was engaged in the business of, inter alia, inspecting, testing, servicing, and/or approving fire protection systems.

## JURISDICTION AND VENUE

5. The jurisdiction of this court is proper pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims at issue occurred within this district and Defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. Prior to July 16, 2002, Mount Pleasant entered into a contract with Defendant pursuant to which Defendant was to inspect, test, service, and/or approve a fire

suppression system located over the cooking line in the kitchen of the subject property ("the subject fire suppression system").

8. Defendant inspected, tested, serviced, and/or approved the subject fire suppression system in or about April 2002.

9. On or about July 16, 2002, an ordinary and foreseeable cooking fire occurred on the center grill of the cooking line at the subject property.

10. The subject fire suppression system failed to operate.

11. The fire spread beyond the grill and caused substantial damages at the subject property.

12. Pursuant to the terms and conditions of the aforementioned insurance policy, Plaintiff made payments to Mount Pleasant for damages directly and proximately caused by the subject fire totaling $81,532.61.

13. As a result of Plaintiff's payments to Mount Pleasant, pursuant to the contract of insurance and by operation of law, Plaintiff is subrogated to the rights of Mount Pleasant against all parties responsible for the occurrence of said damages.

## COUNT I : NEGLIGENCE

14. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth at length herein.

15. The aforementioned fire and the damages sustained therefrom were directly and proximately caused by the negligence of Defendant, its agents, servants, contractors, and/or employees acting within the scope or course of their employment, which negligence consisted of the following:

(a) failing to properly hire, train, and/or supervise its agents, servants, contractors, and/or employees;

(b) failing to properly inspect the fire suppression system;

(c) failing to service the fire suppression system in accordance with all applicable codes, laws, standards, rules, and regulations, including but not limited to NFPA 96, NFPA 10, NFPA 17A, and the applicable manufacturer's installation and maintenance manuals and instructions;

(d) failing to properly test the fire suppression system;

(e) approving the subject fire suppression system although it knew or should have known that the system would not prevent an ordinary and foreseeable cooking fire from spreading and causing substantial damages at the subject property;

(f) failing to notify Mount Pleasant of the deficient condition of the subject fire suppression system; and

(g) otherwise failing to use reasonable and due care under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $81,532.61, together with interest and the costs of this action.

### COUNT II : BREACH OF WARRANTY

16. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth at length herein.

17. Pursuant to the aforementioned contract between Plaintiff and Defendant, Defendant expressly and/or impliedly warranted that it would inspect, test, service, and/or approve the subject fire suppression system in a good and workmanlike manner, and in compliance with all applicable rules, regulations, standards, and codes, including but not limited to NFPA 96, NFPA 10, and NFPA 17A.

18. The fire and resulting damages were directly and proximately caused by breaches of these express and/or implied warranties by Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $81,532.61, together with interest and the costs of this action.

Respectfully submitted,

BY: _____
PATRICK J. LOFTUS III, ESQUIRE
BBO #303310
No. 9 Park Street, Suite 500
Boston, MA 02108
(617) 723-7770
(617) 248-9752 (facsimile)

soxdctr@aol.com

**OF COUNSEL:**
COZEN O'CONNOR
JONATHAN D. HURWITZ, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
(215) 665-5518
(215) 701-2218 (facsimile)
jhurwitz@cozen.com