UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FEDERAL INSURANCE COMPANY a/s/o )
MOUNT PLEASANT COUNTRY CLUB, )
)
Plaintiff, )
)
vs. ) Case No. 05 11014 RCL
)
SIMPLEXGRINNELL, LP, )
)
Defendant. )
)

**DEFENDANT SIMPLEXGRINNELL LP'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant SimplexGrinnell LP and for its Answer to Plaintiff's Complaint states:

**THE PARTIES**

1. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies same.

3. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies same.

4. Defendant admits that it is a limited partnership organized under the laws of the State of Delaware with its principal address of 100 Simplex Drive, Westminster, Massachusetts.

1673966v1

Further answering, Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5.  The allegations contained in paragraph 5 of Plaintiff's Complaint contain legal conclusions to which no response from Defendant is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 5.

6.  The allegations contained in paragraph 6 of Plaintiff's Complaint contain legal conclusions to which no response from Defendant is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 6.

## FACTUAL ALLEGATIONS

7.  Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.  Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.  Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies same.

00925732

-3-

12. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies same.

### COUNT I: NEGLIGENCE

14. Defendant hereby incorporates and adopts by reference its answers set forth above in paragraphs 1 through 13 as though fully set forth herein.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

    (a) Defendant denies the allegations contained in paragraph 15(a) of Plaintiff's Complaint.

    (b) Defendant denies the allegations contained in paragraph 15(b) of Plaintiff's Complaint.

    (c) The allegations contained in paragraph 15(c) of Plaintiff's Complaint contain legal conclusions to which no response from Defendant is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 15(c).

    (d) Defendant denies the allegations contained in paragraph 15(d) of Plaintiff's Complaint.

    (e) Defendant denies the allegations contained in paragraph 15(e) of Plaintiff's Complaint.

-4-

(f) Defendant denies the allegations contained in paragraph 15(f) of Plaintiff's Complaint.

(g) Defendant denies the allegations contained in paragraph 15(g) of Plaintiff's Complaint.

Defendant denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiff's Complaint. Defendant further denies that it is liable to Plaintiff in any manner or amount whatsoever. In addition, Defendant denies the allegations contained in the "WHEREFORE" paragraph to the extent that these allegations are made against Defendant. Further, Defendant is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in the "WHEREFORE" paragraph of Plaintiff's Complaint and therefore denies same.

## COUNT II:  BREACH OF WARRANTY

16. Defendant hereby incorporates and adopts by reference its answers set forth above in paragraphs 1 through 15 as though fully set forth herein.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint contain legal conclusions to which no response from Defendant is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 17.

18. Defendant denies that it proximately caused any injury or damage to Plaintiff or that it committed any negligent or wrongful act. Defendant further denies that it is liable to Plaintiff in any manner or amount whatsoever. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiff's Complaint and therefore denies same.

Defendant denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiff's Complaint. Defendant further denies that it is liable to

-5-

Plaintiff in any manner or amount whatsoever. In addition, Defendant denies the allegations contained in the "WHEREFORE" paragraph to the extent that these allegations are made against Defendant. Further, Defendant is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in the "WHEREFORE" paragraph of Plaintiff's Complaint and therefore denies same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief might be granted.

2. Plaintiff failed to mitigate its damages, if any.

3. If Plaintiff was damaged, either as alleged in the Complaint or at all, such damage was directly and proximately caused by Plaintiff's own negligence, and Plaintiff's recovery, if any, should be reduced in proportion to its comparative fault.

4. If Plaintiff was damaged, either as alleged in the Complaint or at all, such damage was directly and proximately caused by the comparative fault of others, whether or not parties to this action, and Plaintiff's recovery, if any, should be reduced in proportion to the comparative fault of those parties.

5. If Plaintiff was damaged, either as alleged in the Complaint or at all, such damage was caused by the unforeseeable alteration and/or abnormal or improper use of the product in question.

6. Plaintiff, with full appreciation of the particular risks involved, knowingly and voluntarily assumed the risks and hazards of the activity complained of and their damages, if any.

7. If Plaintiff was damaged, the negligence or fault of other persons other than Defendant was the sole, contributory, or concurrent proximate and legal cause of the injuries or

damages allegedly suffered by Plaintiff. If liability is assessed against Defendant, which liability is denied, Defendant is liable only for the amount of Plaintiff's damages allocated to it in direct proportion to its percentage of fault.

8. If Plaintiff was damaged, the acts and omissions of Defendant, if any, were of a passive and secondary nature in comparison to the active and primary acts and omissions of Plaintiff herein. Plaintiff, therefore, is not entitled to indemnify by reason of the nature of its acts.

9. Plaintiff, by its own acts or conduct, is estopped from asserting any claims or damages or seeking any other relief whatsoever against Defendant.

10. Plaintiff, by its own acts or conduct, has waived and/or released all claims, if any, against Defendant.

11. Plaintiff is barred from any recovery because Plaintiff, or others acting with the permission, consent or knowledge of Plaintiff, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold, and/or spoliated the subject product and/or component parts of the product that was known to Plaintiff or such others to be critical evidence in this case.

12. The negligence of Plaintiff was a superseding, intervening cause of Plaintiff's damages, if any.

13. Plaintiffs claims may be barred by the provisions of its contract with Defendant, which provisions Plaintiff agreed upon.

14. Defendant gives notice that it intends to plead and rely upon any and all other defenses that become available or apparent during the discovery proceedings in this case, and specifically reserves the right to amend this Answer to assert any such defense.

...

-7-

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiff.

SIMPLEXGRINNELL, LP,
By its attorneys,

/s/ Nicholas A. Ogden
Nicholas A. Ogden, BBO #644007
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Telephone: 617.406.4500
Facsimile: 617.406-4501

SHOOK, HARDY & BACON L.L.P.
J. Patrick Sullivan
Joshua J. McClatchey
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile 816.421.5547

**Certificate of Service**

A copy of the foregoing was served via facsimile and mail postage prepaid this 16th day of June, 2005, to:

Patrick J. Loftus III
No. 9 Park Street, Suite 500
Boston, MA 02108
Fax: (617) 248-9752

Jonathan D. Hurwitz
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Fax: (215) 665-5518

/s/ Nicholas A. Ogden
Attorney For Defendant SimplexGrinnell LP

00925732